**The Calumet Trust & Savings Bank, Appellee, v. Lloyd S. Bailey, Appellant.**

### Gen. No. 18,851.

BILLS AND NOTES, § 272*—*when judgment against indorser cannot be sustained.* In an action by the transferee of a negotiable note against the payee thereof, the defendant's liability being that of an indorser, a judgment against him cannot be sustained where there was no evidence of either presentment to the maker or notice of dishonor to defendant.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 30, 1914.

LLOYD S. BAILEY, *pro se;* JUDD B. LIGHT, of counsel.

HENRY R. BALDWIN, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The judgment in this case must be reversed and the cause remanded.

The appellant Bailey (defendant below) was the payee and indorser of a negotiable promissory note for

$262.83, assigned by him for value to the plaintiff. It was dated July 14, 1910, and payable October 1, 1910, at Morgan Park, Illinois, with interest at the rate of six per cent. after date. It was signed by E. P. Cadwell and Ellen Cadwell. By the sale of some collateral deposited with the note and presumably sold according to the terms of an agreement inserted in the note, $60 was paid on it October 18, 1910. The remainder is supposed to be represented by the judgment here appealed from of $227.07 against the defendant Bailey. This judgment was rendered on the verdict of a jury in the Circuit Court, to which Bailey had appealed from a judgment by a justice of the peace against him and Ellen Cadwell jointly for $200 and costs.

The rights and obligations of the parties to this note were determined by the "Act in regard to Negotiable Instruments payable in money," approved June 5, 1907.

The obligations of Bailey were those of an indorser. The indorser is liable to the holder—except in circumstances specified in the act, which do not affect this case—only in case presentment has been made in proper time and at the proper place to the maker, and notice of dishonor given to the indorser within the time specified in the act. There was no evidence of either presentment to makers or notice to indorser offered in this case. We are not deciding here in what form presentment of this note had to be made, or where. As we have said, no evidence of any attempt at any kind of presentment to the makers anywhere was offered nor any evidence of any notice of dishonor to the indorser before the suit was brought. Certain statements were made by counsel for the plaintiff touching on them, which were not, however, admitted by the defendant.

There was consequently no evidence to fix liability on the defendant. A judgment against a person in no way connected with the paper would have been just as well justified by this record. Therefore it is not

necessary to enter into the questions mooted between the parties concerning the jurisdiction of the Circuit Court in the appeal from a justice at the time of the judgment, nor concerning the technical obligation of the court to give the instructions asked at the time they were asked.

The motion reserved to the hearing to strike from the files the supplemental record filed by the appellee April 28, 1913, is denied.

The verdict was against the law and the evidence, and should have been set aside and a new trial granted on the motion to that effect.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*